```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

BRENDA S. STALNAKER,

      Plaintiff,

v.                                     Civil Action No. 5:10CV36
                                                  (STAMP)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>AFFIRMING AND ADOPTING REPORT AND</u>**
**<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.  <u>Procedural History</u>

     The plaintiff, Brenda A. Stalnaker, filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. In the application, the plaintiff alleges disability since December 1, 2001 due to lower back problems, bipolar/depression, and arthritis.[1] After the Social Security Administration denied the plaintiff's application initially and on reconsideration, the plaintiff requested a hearing. A hearing was held on May 5, 2009 before Administrative Law Judge ("ALJ") Richard D. Brady. The plaintiff, represented by counsel, testified on her own behalf, as did Vocational Expert ("VE") James Ganoe. On June 24, 2009, the ALJ issued a decision denying benefits and declining to reopen the prior decision.[2]

---

     [1]This Court notes that the current application is the plaintiff's third. The two prior claims were denied by an ALJ.

     [2]In the report and recommendation, the magistrate judge discusses the plaintiff's argument regarding the ALJ's failure to

Specifically, the ALJ concluded that the plaintiff has not been under a disability, as defined by § 1614(a)(3)(A) of the Social Security Act, and is therefore not entitled to SSI. The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On April 20, 2011, the magistrate judge issued a report and recommendation, recommending that the plaintiff's motion for summary judgment be denied and that the defendant's motion for summary judgment be granted. Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen (14) days after being served with a copy of the report. The plaintiff filed timely objections.

---

reopen her claim based on "new and material evidence." The magistrate judge notes that this claim has since been abandoned, but goes on to address the issue, stating that this Court does not have jurisdiction to review a final decision not to reopen a claim for benefits. Holloway v. Schweiker, 724 F.2d 1102, 1104 (4th Cir. 1984). This Court agrees.

2

II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. Discussion

In her motion for summary judgment, the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence. Specifically, the plaintiff contends that: (1) the ALJ's finding that Listing 12.04(C) was not met is not supported by substantial evidence; and (2) the ALJ gave inadequate reasons for discrediting the diagnostic opinion of Dr. Sharon Joseph and failed to include the diagnosis of pain disorder as a severe impairment.

In the defendant's motion for summary judgment, the Commissioner contends: (1) the plaintiff failed to meet her burden of demonstrating that her condition met listing 12.04(C); (2) the ALJ's credibility determination should not be disturbed; and (3)

the ALJ's Step Five determination is supported by substantial evidence.

Magistrate Judge Kaull issued a report and recommendation, in which he held that substantial evidence supports the ALJ's finding that the plaintiff did not meet Listing 12.04(C). The magistrate judge notes that there is no dispute as to the ALJ's finding that the plaintiff suffers from bipolar disorder. However, the magistrate judge found that none of the plaintiff's symptoms would prevent her, or, more importantly, any person, from being able to perform any gainful activity. See Sullivan v. Zebley, 493 U.S. 521 (1990). Further, the magistrate judge found that the ALJ properly accorded Dr. Scharf's conclusory forms little weight as not being sufficiently supported by specific findings and also being vocational and medical issues reserved to the Commissioner. See 20 C.F.R. § 404.1527(e).

The magistrate judge next held that substantial evidence supports the ALJ's determination that Dr. Joseph's opinion was not supported by her own examination. Specifically, Dr. Joseph's diagnosis of pain disorder with both physical and psychological components is not supported by her own evaluation for that diagnosis. According to the magistrate judge, nothing in the evaluation supports Dr. Joseph's opinion that the plaintiff equaled the listings for a somatoform disorder or mental retardation, thus, Dr. Joseph's opinion cannot be afforded more weight, as the plaintiff suggests. Moreover, the magistrate judge notes that Dr.

4

Joseph only examined the plaintiff on one occasion for the purpose of determining whether she should be considered disabled. Because Dr. Joseph is an examining psychologist as opposed to a treating psychologist, her opinion is entitled to lesser weight. See Rebrook v. Astrue, No. 1:09CV50, 2010 WL 2233672, at *32 (N.D. W. Va. May 14, 2010).

Finally, the magistrate judge notes that there are inconsistencies in Dr. Joseph's report that undercut the credibility of the information provided to her by the plaintiff. Dr. Joseph's report is also inconsistent with the consultative evaluation performed on March 19, 2008 by Dr. Klein. For these reasons, the magistrate judge found that substantial evidence supports the ALJ's rejection of Dr. Joseph's medical source statement ("MSS") and opinion regarding the plaintiff's work-related functional limitations, her diagnosis of pain disorder, and her opinion that the plaintiff met Listing 12.04(C).

Thereafter, the plaintiff filed objections to the magistrate judge's report and recommendation. In these objections, the plaintiff argues that the magistrate judge failed to address her contention that the ALJ's analysis of Listing 12.04(C) ignored important evidence. Specifically, the plaintiff argues that the ALJ ignored the findings of the treating mental health center, the somnolent effect of prescribed medications on the plaintiff's functioning, the lay witness statements regarding functioning, and the opinion of Dr. Joseph regarding Listing 12.04(C). The

plaintiff also contends that the magistrate judge misunderstood the requirements of Listing 12.04(C) with regard to episodes of decompensation.

The plaintiff next objects to the finding that substantial evidence supported the omission of "severe impairments" and the rejection of the diagnostic opinions of Dr. Joseph. Moreover, the plaintiff objects to the magistrate judge's determination that Dr. Joseph's opinion was not supported by her own examination. The plaintiff also argues that the magistrate judge improperly conducted a post hoc credibility analysis to support his finding regarding the ALJ's rejection of Dr. Joseph's report. Finally, the plaintiff objects to the recommendation of the magistrate judge that substantial evidence supported the Commissioner's decision.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

6

In her objections, the plaintiff first argues that the magistrate judge did not address her primary argument: that the ALJ's analysis of Listing 12.04(C) failed to address evidence that supported her position that Listing 12.04(C) was met. According to the plaintiff, the ALJ did not conduct the requisite comparison of the listed criteria to evidence of the plaintiff's symptoms. The plaintiff also alleges that the magistrate judge improperly attempted to perform the analysis that the ALJ himself did not do.

This Court does not agree with the plaintiff that the ALJ failed to analyze evidence. It is true that an ALJ must identify the relevant listings and then compare each of the listed criteria to the plaintiff's symptoms. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1983). The ALJ fulfills this duty when he provides findings and determinations sufficiently articulated to permit meaningful judiciary review. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). In this case, the ALJ concluded that Dr. Joseph's findings regarding the potential for the plaintiff to decompensate are not supported by the treatment records. After reviewing the ALJ's opinion, it is clear that the ALJ did consider the mental health treatment records from the United Summit Center, in which the plaintiff "was rated as having no more than mild restrictions in activities of daily living, social functioning and concentration." (ALJ Decision ¶ 3.) The ALJ's decision also discusses the plaintiff's psychiatric medications, which Dr. Orvik stated help her significantly. While the plaintiff claims that the

ALJ gave no weight to the psychological report and opinion of Dr. Joseph, the ALJ's opinion clearly states otherwise. The ALJ notes that Dr. Joseph's finding that the plaintiff met the criteria of Listing 12.04(C) lacks support in the treatment records from the United Summit Center. Further, Dr. Joseph's MSS was inconsistent with other treatment records and evaluations. For example, the IQ testing conducted by Dr. Joseph indicated that the plaintiff falls at the upper end of the Borderline Range of intellectual functioning. Despite this score, Dr. Joseph stated that the plaintiff's intellectual functioning equaled the listing for mental retardation. Dr. Joseph's opinion may have been given little weight, but it was considered by the ALJ.

The United States Court of Appeals for the Fourth Circuit has established a five part analysis for evaluating and weighing medical opinions: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006); 20 C.F.R. § 404.1527(d).

Here, the ALJ followed the correct procedure in making the determination to afford little weight to Dr. Joseph's opinion. First, it is undisputed that the ALJ acknowledged that Joseph examined the plaintiff. Second, the ALJ did note the treatment relationship -- Dr. Joseph saw the plaintiff for a one-time

8

psychological consultative evaluation on September 30, 2008. Third, the ALJ stated that Dr. Joseph's opinion was not supported by objective evidence. The ALJ found that Dr. Joseph's assessment lacks support in the treatment records from the United Summit Center showing no episodes of decompensation. Fourth, the ALJ stated that Dr. Joseph's opinion was not consistent with other treatment records and evaluations. The preponderance of the evidence does not support Dr. Joseph's opinion that the plaintiff has marked limitations. In fact, Dr. Joseph's assessment that the plaintiff had no more than moderate functional limitations directly contradicts her own finding that the plaintiff met Listing 12.04(C) criteria. Conversely, the ALJ gave significant weight to the mental residual functional capacity by the reviewing psychologist who completed the earlier psychiatric review technique form ("PRTF"), opining that the plaintiff retains the ability to perform work. Fifth, the ALJ does not dispute that Joseph is a specialist.

In examining the record in its entirety, it is clear that the ALJ considered the opinions of multiple physicians in addition to Dr. Joseph's opinion, who, notably, only examined the plaintiff on one occasion at the suggestion of her counsel. The ALJ, in weighing the evidence, could find that the state psychologists' assessments of the plaintiff were more credible than Dr. Joseph's opinion. It is for the ALJ, not this Court, to weigh the evidence of record. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This Court finds that the ALJ performed the analysis required by

Hines before rendering his decision and relied upon the correct factors in making his decision, which is supported by substantial evidence.

The plaintiff also contends that the magistrate judge misunderstood the requirements of Listing 12.04(C) with regard to episodes of decompensation. According to the plaintiff, the magistrate judge incorrectly analyzed the evidence as if the listing required that disabling episodes of decompensation must have occurred. But the plaintiff misconstrues the magistrate judge's finding. The magistrate judge acknowledges Dr. Joseph's prediction that changes in her environment or mental demands might cause her to decompensate. The magistrate judge then goes on to say that this prediction lacks support in the treatment records. Despite having already experienced increases in her mental demands and changes in her environment, the plaintiff only ever reported moderate symptoms such as anxiety and depression. The magistrate judge cites these various instances as proof that the plaintiff cannot be predicted to decompensate. This Court agrees with the magistrate judge that the ALJ properly explained the reasoning behind why the plaintiff failed to meet Listing 12.04(C).

The plaintiff next contends that the magistrate judge erred in finding that substantial evidence supports the rejection of the diagnostic opinions of Dr. Joseph, specifically, the diagnosis of pain disorder as a severe impairment. Again, the plaintiff argues that the magistrate judge included his own post hoc credibility

analysis to support his finding regarding the ALJ's rejection of Dr. Joseph's report. As described above, this Court finds that Dr. Joseph's opinion was properly given little weight by the ALJ. The magistrate judge correctly states that because Dr. Joseph is an examining psychologist who saw the plaintiff on only one occasion to help determine whether she should be considered disabled for Social Security purposes, she is entitled to lesser weight than a treating physician. Thus, the ALJ was required to evaluate the supportability of Dr. Joseph's opinion and its consistency with the record as a whole in determining the weight to accord it. The plaintiff may not agree with the relative little weight afforded to Dr. Joseph's opinion, but the fact remains that the ALJ only discounted Dr. Joseph's opinion after reviewing the entire record and determining that it was inconsistent with other treatment records, evaluations, and with Dr. Joseph's own test results. In fact, as the magistrate judge states, Dr. Joseph's opinion is inconsistent with virtually all of the other medical evidence in the record. No other healthcare provider diagnosed borderline intellectual functioning or a pain disorder. As the ALJ stated, "[t]he evidence clearly presents no physical basis for the [plaintiff's] symptoms, and counsel offers argument that only Dr. Joseph has been able to solve the puzzle by establishing that a mental disability exists which provides the basis for the [plaintiff's] symptoms as well." (ALJ Decision ¶ 4.) The fact that Dr. Joseph conducted objective/standardized testing does not

11

mean that her opinion should be weighed more heavily. Finally, the inconsistencies in Dr. Joseph's report cannot be explained away by the passage of time, as the plaintiff suggests.

The plaintiff's final objection is that the magistrate judge erred in finding that substantial evidence supported the Commissioner's decision. For all of the reasons stated above, this Court finds that the ALJ's opinion was supported by substantial evidence. It is the duty of the ALJ, not this Court to weigh the evidence in the record. See Smith, 99 F.3d at 638 ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court.").

This Court has reviewed the record, the parties' motions for summary judgment, and the plaintiff's objections, and after a de novo review, concurs with the magistrate judge that the Commissioner's decision that the plaintiff was not disabled is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted in its entirety.

## V. Conclusion

Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this

case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    June 7, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE